## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | Case No. 12-13262 (BLS) |
| Debtors. | Jointly Administered |
| FRED C. CARUSO, Trustee | Adv. Proc. No. 14-50977 (BLS) |
| Plaintiff, | |
| v. | |
| SCOTT R. HOFMEISTER, et al., | |
| Defendants. | |
| FRED C. CARUSO, Trustee | Adv. Proc. No. 14-50984 (BLS) |
| Plaintiff, | |
| v. | |
| SCOTT R. HOFMEISTER, et al., | |
| Defendants | |

### DEFENDANT SCOTT R. HOFMEISTER'S
### OBJECTIONS TO PROPOSED FINDINGS OF FACT AND
### CONCLUSIONS OF LAW IN MEMORANDUM ORDER
### GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

Defendant Scott R. Hofmeister ("Scott"), by and through his undersigned counsel,

makes these objections, pursuant to Federal Rule of Bankruptcy Procedure 9033(b),

Local Bankruptcy Rule 9033-1, and Local Bankruptcy Rule 7012-1, to the Bankruptcy

Court's Memorandum Order Granting Summary Judgement [D.I. 2550 in Case No. 12-

13262, D.I. 85 in Adv. Proc. No. 14-50984, and D.I. 86 in Adv. Proc. No. 14-50977] (the

"Order").  Scott made timely demands for a jury trial and, pursuant to Local Bankruptcy

---

[1]  The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each Debtor is:

Rule 7012-1, Scott made timely objections to entry of final judgment by the Bankruptcy Court.[2]   Therefore, pursuant to Federal Rule of Bankruptcy Procedure 9033(d), the District Court shall make a *de novo* review of the Bankruptcy Court's proposed findings of fact and conclusions of law to which specific written objection has been made.[3]

### Specific Written Objections[4]

**Order, ¶ 8.**   Scott objects to the summary judgment standards listed by the Bankruptcy Court because important standards were not included and not followed by the Bankruptcy Court in the Order.   "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge" on a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   Additionally, when considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.   The central issue on summary judgment is "whether

---

Revstone Industries, LLC, et al., c/o Huron Consulting Group Inc., PO Box 1720, Birmingham, MI 48012, Attn: John C. DiDonato, Chief Restructuring Officer.

[2] Pursuant to Local Rule 7012-1, Scott's answers to the complaints in these adversary proceedings state that he does not consent to entry of a final judgment by the Bankruptcy Court.  Adv. Proc. No. 14-50977, D.I. 32, Affirmative Defenses ¶ 16; Adv. Proc. No. 14-50984, D.I. 31, Affirmative Defenses ¶ 16.  Therefore, even if summary judgment were appropriate here (most assuredly it is not), *a report and recommendation to the District Court would be the required procedure*.  *See Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2174 (2014) (as fraudulent transfer claims are constitutionally "non-core," bankruptcy court may not enter final judgment); *VeraSun Energy Corp. v. West Plains Co*., 2013 WL 3336870 (Bankr. D. Del.  2013) (bankruptcy court cannot enter final judgment absent consent and must provide district court with report and recommendation under Fed. R. Bankr. P. 9033).

[3] Scott is contemporaneously filing a Motion for Reconsideration to preserve his rights in case the Court holds that its Order was not issued pursuant to Federal Rule of Bankruptcy Procedure 9033 and that a notice of appeal or motion for reconsideration would be due within 14 days of the Order pursuant to Federal Rule of Bankruptcy Procedure 8002.

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.  The judge's function is "not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.  An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with regard to that issue.  *Id.*  These omitted important summary judgment standards were not adhered to by the Bankruptcy Court in its Order.

**Order, ¶ 12.**  Scott objects to the Bankruptcy Court's finding that the expert report of James Lukenda proved insolvency and there was no dispute as to a material fact regarding insolvency.  Scott submitted to the Bankruptcy Court the following disputes of material fact:

(i)  Scott produced ample circumstantial evidence of solvency, not discussed by the Bankruptcy Court in its Order, from which evidence a reasonable jury could infer that neither Revstone nor Spara were insolvent.  *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (reversing summary judgment; circumstantial evidence can be presented to defeat summary judgment):

(a) The clean audit opinion of Revstone for the year 2010 was signed by its auditor on February 24, 2012.  Under professional standards, an auditor "has a responsibility to evaluate whether there is substantial doubt about the entity's ability to continue as a going concern for a

---

[4] Footnote 1 of the Order states that the Order contains findings of fact and conclusions of law.  However, the Order did not separate the findings and conclusions, so Scott does not separate his objections either.

reasonable period of time".[5]    An auditor concluding that there is substantial doubt must include an explanatory paragraph in their opinion. There was no explanatory paragraph in Revstone's audited 2010 financial statements.  A reasonable jury could infer from this "clean" audit opinion that Revstone was not insolvent at any time before February 24, 2012.

(b)   Regarding Spara, Boston Finance Group made a $6 million loan to Spara in June 2011.  Expedited Motion of Debtor Spara, LLC for Entry of Order Directing the Examination of Sandeep Gupta, John Fernando, and Boston Finance Group, LLC Pursuant to Bankruptcy Rule 2004, *In re Revstone Industries, LLC*, Case No. 12-13262 (BLS), D.I. 356 ¶ 6.  A reasonable jury could conclude that this loan shows that Spara was solvent in June 2011, despite Lukenda's opinion to the contrary.

(ii) Lukenda's insolvency opinion is impeachable.  Lukenda's opinion represents that he is certified as "CIRA."  A person certified "CIRA" must adhere to the Code of Professional and Ethical Conduct of the Association of Insolvency and Restructuring Advisors.  According to that Code, Lukenda must, among other things, "be impartial, intellectually honest, and free of conflicts of interest."  Lukenda is hardly an impartial expert whose only involvement in this case is to render one opinion or set of opinions. Rather, Lukenda is a Managing Director of Huron Consulting Group, Inc. ("Huron"). Huron is owed more than $16 million in fees in these cases.  Lukenda also personally served as the Deputy Chief Restructuring Officer for Revstone and Spara.  Thus, there is a jury question as to Lukenda's credibility, which precludes summary judgment.  *Sartor*

---

[5] AU Section 341, "The Auditor's Consideration of an Entity's Ability to Continue as a

*v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628 (1944) (reversing summary judgment and submitting case to jury to determine credibility because expert was interested in outcome of litigation).   Scott cited *Sartor* in his Answering Brief, but the Bankruptcy Court did not even mention it in its Order.   In footnote 9 of the Order, the Bankruptcy Court wrote that "the Defendant also contends that Mr. Lukenda's expert conclusion is tainted because he is conflicted and his employer holds a claim in these bankruptcy cases. The Court finds that the Defendant's observations and concerns as to Mr. Lukenda's role and motivations do not rise to a level that would indicate his conclusions are unreliable." Scott objects to this finding as to Lukenda's credibility.   "Credibility determinations … are jury functions, not those of a judge" on a summary judgment motion.   *Anderson*, 477 U.S. at 255.

(iii)   Scott also proffered declarations with lay opinions of the value of property of Revstone and Spara.   These declarations contradicted the low-ball values of property that Lukenda used to arrive at his opinion of insolvency.   Using correct asset values rebuts Lukenda's insolvency opinion.   These lay opinions of value as to whether the transferor was insolvent at the time of the transfer raise an issue of material fact mandating denial of a motion for summary judgment.   *United States v. Dunkel*, 1998 U.S. Dist. LEXIS 11576, at *11 (N.D. Ill. July 20, 1998).

**Order, ¶ 13.**   Scott objects to the Bankruptcy Court's conclusion that lay opinions offered by Scott were admissible but that "little weight" should be given to them.   It was error for the Bankruptcy Court to weigh the evidence.   "[T]he weighing of

---

Going Concern," AICPA Professional Standards.

the evidence [and certain other determinations] . . . are jury functions, not those of a judge" on a summary judgment motion. *Anderson*, 477 U.S. at 255.

**Order, ¶ 14.** The Bankruptcy Court made an erroneous conclusion of law rejecting Scott's argument that the creditors presented by the Trustee cannot be predicate creditors because two of the claims were filed after the bar date and the third claim identified no liability. Only claims that are timely filed under 11 U.S.C. § 501 can be deemed allowed under 11 U.S.C. § 502, which section specifically refers to § 501. *In re Tucker*, 174 B.R. 732 (Bankr. N.D. Ill. 1994); *In re Marsiat*, 184 B.R. 846 (Bankr. M.D. Fla. 1994). As Scott explained in his declaration, the third claim was invalid because Revstone did not owe anything to that claimant.

**Order, ¶ 15.** The Bankruptcy Court made an erroneous finding rejecting the declaration of Daniel V. Smith supporting Scott's contributions of value. Smith's declaration stated that he was general counsel of Revstone and Spara and, in that capacity, became acquainted with Scott and that it was Smith's understanding that Scott (i) contributed value to Revstone and Spara; (ii) had unpaid bonuses that were due him in connection with his services; and (iii) that Revstone and Spara had a college tuition payment plan. The Bankruptcy Court's rejection of Smith's declaration testimony was improper weighing of Smith's testimony and/or his credibility. "Credibility determinations [and] the weighing of the evidence . . . are jury functions, not those of a judge" on a summary judgment motion. *Anderson*, 477 U.S. at 255; *United States v. Wade*, 577 F. Supp. 1326, 1334 (E.D. Pa. 1983) (rejecting defendants' challenge of affidavits as conclusory and holding affidavits created issue of material fact for trial and thus barred summary judgment).

**Order, footnote 12.**  Scott objects to the Bankruptcy Court's conclusion that Scott does not contest that the tuition payments made to or for the benefit of his wife were fraudulent conveyances.  To the contrary, Scott contests that Revstone and Spara were insolvent, and without insolvency, payments made to Scott's wife were not fraudulent conveyances.  *See* Order ¶ 6.iii (setting forth insolvency as a necessary requirement of a fraudulent transfer).

**Order, ¶ 16.**  For the reasons stated above, Scott objects to the Court's holding that the Trustee is entitled to summary judgment on the claims against him.

WHEREFORE, Scott respectfully requests that the District Court make a *de novo* review and reject the proposed findings of fact and conclusions of law of the Bankruptcy Court.

OF COUNSEL:

Sheldon S. Toll (Mich. Bar No. P-21490)
LAW OFFICE OF SHELDON S. TOLL PLLC
29580 Northwester Hwy., Ste. 100
Southfield, MI 48034
(248) 797-9111
sst@lawtoll.com

DATED:  November 29, 2017

/s/ Evan O. Williford
Evan O. Williford (No. 4162)
Andrew J. Huber (No. 6043)
THE WILLIFORD FIRM LLC
901 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 654-5924
evanwilliford@thewillifordfirm.com
ajhuber@thewillifordfirm.com
    *Counsel to Defendant Scott R. Hofmeister*